No. 05-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 249N

TOBY PESEK,

            Petitioner and Appellant,

    v.

DEFENSE COMMISSARY AGENCY, and
DEPARTMENT OF LABOR BOARD OF
LABOR APPEALS,

            Respondents and Respondents.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADV 2001-1085,
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

            David B. Gallik, Attorney at Law, Helena, Montana

            For Respondents:

            George F. Darragh, Jr., Assistant U.S. Attorney, U.S. Attorney's Office,
            Great Falls, Montana

            Marieke Beck, Special Assistant Attorney General, Montana State
            Department of Labor and Industry, Helena, Montana

                                        Submitted on Briefs:  May 3, 2006

                                        Decided:    October 3, 2006

Filed:

            _____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Toby Pesek, the sole employee working in the Malmstrom Air Force Base commissary from 11:30 p.m. to 8 a.m., was fired from his position on May 3, 2001, after his supervisor discovered him sleeping while on duty.  This was the third time Pesek had been found asleep during his shift.  Pesek filed for unemployment benefits.  The Benefits Bureau denied his request finding that because his dismissal was for misconduct, he did not qualify for benefits.  Pesek appealed the Benefits Bureau's misconduct determination to the Department of Labor and Industry Hearings Bureau.  The hearing officer affirmed the dismissal on the ground of misconduct.  Pesek appealed the hearing officer's decision to the Board of Labor Appeals (BOLA).  BOLA affirmed the hearing officer.  Pesek appealed to the Eighth Judicial District Court.  The District Court affirmed BOLA's decision.  Pesek appeals the District Court's Order.

¶3    Pesek argues that he was sleeping on his unpaid lunch period between 3:00 a.m. and 3:30 a.m., and, as such, sleeping did not constitute misconduct.  While this issue was not before the hearing officer, the officer nonetheless addressed it in his decision, stating that Pesek was instructed "to take his lunch break between 3:00 a.m. and 3:30 a.m., based upon policy, *if there were no people in the store*."  (Emphasis added.)  It is undisputed

that when Pesek's supervisor arrived and discovered him sleeping, the store was not empty and workers were entering and leaving by doors Pesek was required to keep locked and secured during his shift.

¶4     We conclude the dispositive issue on appeal is whether the District Court correctly determined that BOLA's findings were supported by substantial evidence.

¶5     We review a Board of Labor Appeals' decision to determine if the findings of fact are supported by evidence. Section 39-51-2410(5), MCA. "Supported by evidence" is defined as "something more than a scintilla of evidence but may be less than a preponderance of the evidence." *Wiman v. Dept. of Labor and Industry*, 2004 MT 208, ¶ 13, 322 Mont. 332, ¶ 13, 96 P.3d 710, ¶ 13 (citation omitted).

¶6     The record before us shows that adequate evidence in the form of employee records and hearing testimony was presented to the hearing officer and to BOLA that Pesek had been reprimanded twice before for sleeping during his shift at the commissary. Pesek received a written warning the first time. He received a written warning and a two-week suspension the second time. Evidence shows that he was told he would be discharged if it happened again.

¶7     It is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because BOLA's findings were supported by substantial evidence; therefore, the District Court's correctly upheld BOLA's decision.

¶8     We affirm the judgment of the District Court.


                                         /S/ PATRICIA COTTER



We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS